UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI

| | |
|---|---|
| RICHARD PHILLIPS, <br> 3371 Forestview Drive <br> Cincinnati, Ohio 45211 <br><br> Plaintiff, <br><br> vs. <br><br> PRINCIPAL LIFE INSURANCE COMPANY <br> 711 High Street <br> Des Moines, Iowa 50392 <br><br> Defendant. | CASE NO. 1:24-cv-149 <br><br> JUDGE <br><br><br> **COMPLAINT FOR WRONGFUL TERMINATION OF LONG-TERM DISABILITY INSURANCE BENEFITS ("ERISA")** |

For his Complaint against Defendant, Principal Life Insurance Company ("Principal" or "Defendant"), Plaintiff Richard Phillips ("Plaintiff" or "Mr. Phillips") states as follows:

**INTRODUCTION**

1. This action is brought by Richard Phillips ("Plaintiff") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). Plaintiff seeks to recover Long-Term Disability Insurance ("LTD") Benefits due him under the ERISA-covered Group LTD Plan or Group LTD Contract or Policy issued by Defendant

Principal to his employer, Urban Sites Property Management ("Urban Sites"), and to recover for Defendant's other ERISA violations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. §1331 in that the claim arises under the laws of the United States of America. Jurisdiction is conferred on this Court by 29 U.S.C. §1132(e)(1) and (f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an ERISA employee welfare benefit plan.

3. The ERISA statute at 29 U.S.C. §1133 provides a mechanism for administrative or internal appeal of benefit denials or terminations. In this case, those mechanisms have been exhausted and these matters are now properly before the Court for judicial review.

4. Venue is proper in this Court, pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391, as Plaintiff was at all times relevant employed by Urban Sites in the Southern District of Ohio and/or as Defendant Principal can be found in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff, Richard Phillips, is a resident of Hamilton County, Ohio and was a participant in or under the LTD Plan that his employer, Urban Sites, provided to its employees, such Plan being insured under or through a group LTD Policy identified as

2

Policy No. GLT 1066917 issued to Urban Sites by Principal. At all times relevant, Plaintiff was employed by Urban Sites on projects in and around Hamilton County, Ohio, with Urban Sites having its principal place of business at 1209 Sycamore Street, Cincinnati, Ohio 45202.

6. Urban Sites was an employer doing business in the Southern District of Ohio and was Defendant Principal's policyholder as defined under ERISA for purposes of its group LTD Plan.

7. Plaintiff as an employee of Urban Sites was eligible to participate in the Urban Sites' LTD Plan ("the Plan") under the above referenced LTD Policy ("the Group LTD Policy" or "the Policy") issued by Principal.

8. Principal is the insurer of the Plan and the party obligated to pay LTD benefits to Plaintiff under the above referenced Group LTD Policy which it issued to Urban Sites.

9. Principal, on information and belief, was the sole entity responsible for determining whether Plaintiff qualified under the Plan for payment of LTD benefits. As such, Defendant Principal is the claim administrator and a fiduciary of the Plan for the purpose of determining when LTD benefits are payable and is therefore a proper party to this action.

10. Plaintiff at all times relevant was a beneficiary under the Urban Sites' Plan and was and remains entitled to payment of long-term disability insurance benefits under the Policy issued to Urban Sites by Principal.

11. The administration of the Urban Sites' Plan and/or the group Policy referenced herein is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA").

## STATEMENT OF FACTS

12. Plaintiff at all times relevant was employed by Urban Sites as a construction superintendent.

13. As Urban Sites' employee, Plaintiff was eligible for group LTD coverage and benefits under the Urban Sites' LTD Plan and/or under the Group Policy issued by Principal to Urban Sites.

14. Plaintiff became unable to work due to symptoms associated with several significant medical conditions and after satisfying the elimination period specified in the Policy he sought payment of LTD benefits from Principal.

15. Principal determined that Mr. Phillips was eligible for payment of LTD benefits beginning December 3, 2020 and paid him benefits under the "own occupation" definition of disability in the Policy through December 2, 2022.

16. Principal then notified Plaintiff by letter dated December 5, 2022 that he did not satisfy the Policy provisions for continued payment under the Policy's "any

occupation" definition of disability and informed him that LTD benefits were no longer payable beyond December 2, 2022.

17. Plaintiff timely appealed Principal's termination or discontinuation of LTD benefits under the Policy.

18. Plaintiff submitted a great deal of medical and non-medical documentation in support of his appeal and such documentation clearly established his ongoing eligibility for continued payment of LTD benefits under the Plan or Group Policy.

19. Defendant Principal unreasonably disregarded and/or ignored or otherwise gave no meaningful consideration to the documentation submitted on appeal and by letter dated March 5, 2024 informed Plaintiff that it was upholding its prior decision to terminate LTD benefits.

20. Defendant Principal as both the administrator of the Urban Sites' Plan and as the insurer or payor or provider of benefits under said Plan had an inherent conflict of interest and said conflict of interest was a factor in its decision to terminate payment of benefits to Plaintiff.

21. Plaintiff has exhausted all administrative remedies and his claim is ripe for judicial review pursuant to 29 U.S.C. §1132.

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. §1132**

22. Plaintiff realleges paragraphs 1 through 21, as if fully rewritten herein.

23. Plaintiff at all times relevant has remained disabled under the terms of the Plan and/or Group Policy and is therefore entitled to continued payment of LTD benefits.

24. Plaintiff is and remains unable to perform the material duties of both his own occupation and of any other occupation, as that term is defined in the Policy, for which he is or may reasonably become qualified based on by education, training, or experience, and therefore is and remains entitled to continued payment of LTD benefits under the Policy.

25. Defendant failed to meaningfully consider and/or to reasonably accord proper weight to the evidence in its administrative claim file showing that Plaintiff remained disabled within the provisions of the Policy and thus remained eligible for continued payment of long-term disability benefits.

26. The Policy does not clearly or expressly give Defendant Principal discretionary authority to interpret and/or determine the provisions therein.

27. In addition, or in the alternative, Defendant Principal's decision terminating or discontinuing payment of LTD benefits under the Policy was unreasonable, arbitrary and capricious, and constituted a gross abuse of discretion.

28. In addition, or in the alternative, Defendant Principal's decision terminating or discontinuing payment of LTD benefits was not otherwise supported by a preponderance of the evidence in the claim file and/or was not supported by substantial evidence in said claim file, and constitutes a breach of the Policy terms.

29. Plaintiff has complied with all conditions and/or conditions precedent set forth in the Plan and/or Policy, and he has exhausted all of his mandatory or required appeals and/or remedies.

30. As the direct and proximate result of Defendant Principal's actions in terminating payment of benefits under the Plan or Policy, Plaintiff has been harmed and has suffered significant financial damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that he recover judgment in his favor against Defendant as follows:

1. That the Court find that he remains disabled and entitled to continued receipt of long-term disability insurance benefits under the Urban Sites' LTD Plan and/or under the Policy issued to Urban Sites by Defendant Principal;

2. That the Court order Defendant Principal to pay him retroactive long-term disability insurance benefits from December 3, 2022 to present, and continuing;

3. That the Court order Defendant Principal to pay ongoing long-term disability benefits to him to the Plan's and/or Policy's maximum duration date unless an earlier termination date reasonably or properly is determined under the Plan and/or Policy provisions;

4. That the Court order Defendant Principal to pay him pre-judgment and post-judgement interest;

5.   That the Court award Plaintiff a reasonable sum for his attorney fees and costs under the provisions of 29 U.S.C. 1132(g)(1); and

6.   That the Court provide such other relief as it may deem just and proper.

Respectfully submitted,

/s/ Edward C. Ahlers
Edward C. Ahlers (0014940)
Crowley, Ahlers & Roth Co., L.P.A.
600 Vine Street, Suite 908
Cincinnati, OH 45202
Phone: (513) 621-1652
Fax:    (513) 621-8430
E-Mail: eahlers@ohio-comp.com
*Attorney for Plaintiff, Richard Phillips*